

# The Attorney General of Texas

March 22, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4624 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Criminal District Attorney
Dallas County Government Center
Dallas, Texas 75202

Opinion No. MW-8

Re: Disposition of fees collected by a justice of the peace for recording births and deaths which occurred in another county.

Dear Mr. Wade:

You have requested our opinion regarding the disposition of fees collected by a justice of the peace for recording births and deaths which occurred in another county.

You indicate that the justice of the peace for precinct number 6 of Dallas County, which includes a portion of the city of Grand Prairie, has for many years acted as the local registrar of births and deaths for the entire city of Grand Prairie, most of which lies within Tarrant County. Rule 36a, article 4477, V.T.C.S. See Attorney General Opinion V-1019 (1950). For a fee, the justice furnishes to qualified applicants certified copies of birth and death certificates reflecting births and deaths within all of Grand Prairie. See Attorney General Opinion M-251 (1968). You ask about the disposition of fees charged therefor with respect to the records of those births and deaths occurring within the Tarrant County portion of Grand Prairie.

This office has previously held that a fee charged by a local registrar for certified copies of birth and death records constitutes a "fee of office." Attorney General Opinion M-251 (1968). See also Attorney General Opinion O-3655 (1941). Section 5 of article 3912k, V.T.C.S., directs that all fees and commissions collected by a county official, including a justice of the peace,

> be paid into the county treasury in accordance with the provisions of Section 61, Article XVI of the Constitution of Texas. . . .

Section 61 of Article XVI requires that "[a]ll fees earned" by such an official "shall be paid into the county treasury where earned." (emphasis added). Since the justice of the peace of precinct 6 is compensated entirely by Dallas County, we believe that any fees which accrue to him are earned in,

and on behalf of, Dallas County. Accordingly, it is our opinion that all fees charged by the justice of the peace of precinct 6 of Dallas County, for certified copies of records of births and deaths occurring within his jurisdiction as local registrar, should be paid into the county treasury of Dallas County.

### SUMMARY

All fees charged by the justice of the peace for Dallas County precinct 6, for certified copies of records of births and deaths occurring within his jurisdiction as local registrar, should be paid into the county treasury of Dallas County.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Walter Davis
Rick Gilpin
William G Reid
Bruce Youngblood